UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN FORGETTE,

    Plaintiff,

v.                                                                                                CASE NO.: 8:09-cv-1513-T-23TBM

WE'RE READY TO ASSEMBLE, INC.,
d/b/a IMPACT RESOURCE GROUP,

    Defendant.
_____/

## ORDER

The plaintiff and "opt-in" plaintiffs Victor Cruz, James Estwin, Chad Gosk, and Julia Fairman sue under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover overtime compensation. In accord with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)), the parties jointly move (Doc. 28) for approval of each settlement agreement.

The parties state (a) that each settlement compensates the plaintiff for unpaid wages and attorneys' fees; (b) that each attached agreement includes every term and condition of the parties' settlement; and (c) that the defendant maintained "accurate time and pay records[,] which showed that [the plaintiffs] were paid correctly except for two or three occasions where there were some miscalculations." The settlement agreements (Doc. 28-1) provide that the defendant will pay $332.00 to Forgette, $1,009.38 to Estwin, $319.00 to Fairman, $0 to Cruz, which amounts represent the unpaid overtime wages owed to each plaintiff. The parties negotiated a $3,981.28

award of attorney's fees separately and without regard to the amount paid to each plaintiff.  See Bonetti v. Embarq Mgmt. Co., __ F. Supp. 2d __, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).  These provisions appear reasonable.

However, each settlement agreement (Doc. 28-1) contains a pervasive general release, which "confers an uncompensated, unevaluated, and unfair benefit on the employer." Moreno v. Regions Bank, __ F. Supp. 2d __, No. 8:09-cv-930-T-23TGW (M.D. Fla. Aug. 6, 2010) (order denying motion for approval of FLSA settlement).  Although the defendant promises to pay each plaintiff $250 in exchange for the general release, "a pervasive release in settlement of an FLSA action is both unfair and incapable of valuation."  Accordingly, the parties' motion (Doc. 28) for approval of the settlement agreement is **DENIED**, and the settlement agreements (Doc. 28-1) are **REJECTED**.  On or before **Friday, August 20, 2010**, the parties must either (1) move for approval of an amended settlement agreement or (2) submit a case management report proposing an amended case management schedule.

ORDERED in Tampa, Florida, on August 6, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE